27838.   NATIONAL LIFE & ACCIDENT INSURANCE COMPANY *v.* BARNES.

DECIDED FEBRUARY 22, 1940.

732

*William F. Buchanan, Ben Anderson,* for plaintiff in error.

*Hooper & Hooper,* contra.

MACINTYRE, J. In the application for life insurance, which was attached to and made a part of the policy, was the following question: "To what extent do you now, or have you in the past, used intoxicants, morphine, cocaine, or other habit-forming drugs?" The insured (deceased) gave the following answer: "Occasional drink of whisky." The defendant company contends that it is not liable on the policy because the answer of the insured to the question in the application was untrue.

In Metropolitan Life Insurance Co. *v.* Shane, 98 Ark. 132 (135 S. W. 836), the court held that questions in an application for a life policy: "To what extent do you use . . alcoholic stimulants? Wine or malt liquors to any excess? If so, when and for how long?" refer to the customary or habitual use, and not to an

occasional use thereof or an exceptional use to excess. "The habit of a person contemplates a course of conduct which is customary, and shows that he has acquired a tendency to pursue that course of conduct from *frequent* repetitions of the same act. It does not contemplate occasional or exceptional acts." (Italics ours.) The Court of Appeals of Tennessee, in Life & Casualty Ins. Co. *v.* Robertson, 6 Tenn. App. 43, 66, said: "With reference to the question as to whether the insured had at any time used any alcoholic drinks to excess, it is generally held that questions as to whether an applicant for insurance has used or uses intoxicating liquor, and, if so, the extent and average quantity, do not refer to *an occasional or exceptional use* of such drinks, or *an exceptional use to excess,* but to the *habitual* or *customary* use." (Italics ours.) It is generally held, as stated in 26 A. L. R. 1284, "that questions as to whether an applicant for insurance has used or uses intoxicating liquor, and, if so, the extent and average quantity, do not refer to an occasional or exceptional use of such drinks [or an occasional use to excess], but to the habitual or customary use." The testimony of Dr. Brawner on cross-examination: "In my opinion and from my experience, as to which type of drinking is the more harmful, a steady moderate drinker or a man who drinks heavily on sprees at widely scattered intervals, it is more harmful to drink steadily. That is the reason a man who drinks heavily and gets on sprees at wide intervals apart may live to a rather ripe old age. An occasional spree of heavy drinking at wide intervals apart does not much affect a man's health," would tend to support the appropriateness of such a construction of such a question.

If we construe the question in the instant case as such questions are generally construed in such applications for insurance, it would in effect be: "Do you habitually or customarily use the habit-forming drugs or drinks named therein?" Under such a construction, the insured would neither have answered that he did nor that he did not habitually use such habit-forming drinks or drugs. Brennan *v.* National Life &c. Ins. Co., 14 La. App. 598 (122 So. 147). However, the jury were authorized to find that the insured's (deceased's) answer to the question directed the mind of the insurance company to the fact that he occasionally drank, not necessarily that he drank moderately on these occasions, but that the

word "occasional" was used in contradistinction to the word "habitual," and that the word "occasional" was not used in contradistinction to the word "excessive" when used in connection with drinking on widely separated intervals. In short, they were authorized to find that the word "occasional" was used as an antonym for the word "habitual," and was not used as an antonym for the word "excessive," nor as a synonym for the word "moderate." The jury was further authorized to find that the deceased drank at widely separated intervals and on each of these occasions he drank to excess, but that he was not a habitual drinker. They were authorized to find that over a period of ten years immediately before the issuance of the policy there were five or six such occasions (the last of which was approximately nine months before the issuance of the policy) when he drank to excess, but that these occasions were so infrequent and irregular as to make him an "occasional" drinker in contradistinction to a "habitual" or "customary" drinker. There was no evidence that he ever drank between these occasions when he drank to excess, which occasions might be called "sprees." The evidence did not demand a finding that the defendant was not liable because the answer to the question in the application was untrue. Ætna Life Insurance Co. v. McCullagh, 185 Ky. 664 (215 S. W. 821).

The evidence authorized the verdict in favor of the plaintiff and grounds 4 and 5 of the motion for new trial do not disclose reversible error.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*